FILED
2019 Jan-22 PM 12:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 7:18-cv-00212-LSC |
| ) | |
| MICHAEL BUTLER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF OPINION**

Before the Court is Plaintiff Canal Insurance Company's ("Canal") motion for summary judgment. (Doc. 25.) The motion has been briefed and is ripe for review. For the reasons stated below, Canal's motion for summary judgment (doc. 25) is due to be denied.

**I.    BACKGROUND[1]**

---

[1] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994). The Court is not required to identify unreferenced evidence supporting a party's position. As such, review is limited to exhibits and specific portions of the exhibits specifically cited by the parties. *See Chavez v. Sec'y, Fla. Dept. of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("[D]istrict court judges are not required to ferret out delectable facts buried in a massive record . . . .") (internal quotations omitted).

This is a declaratory judgment action seeking a determination of the parties' respective rights and obligations under an insurance policy issued by Canal to Defendant Alan Farmer Trucking, Inc. ("Alan Farmer"). Defendant Sheridan Logistics, Inc. ("Sheridan") is listed as an additional insured in the policy. On September 14, 2017, Defendant Michael Butler ("Butler") filed an underlying state court action against Alan Farmer and Sheridan. In the state court action, Butler alleges that he was injured while working as an independent contractor transporting military vehicles for Alan Farmer and Sheridan. Butler asserts that as he was unloading a tactical vehicle from a trailer the vehicle flipped and injured him. Both Alan Farmer and Sheridan dispute that Butler had any duty to unload the vehicle.

Although the incident that forms the basis of the underlying state court action occurred on January 9, 2017, it was not reported to Canal until October 4, 2017, after Butler filed suit. Canal is providing a conditional defense to Alan Farmer and Sheridan in the underlying action under a complete reservation of rights. In the insurance policy at issue, Canal agreed to defend Alan Farmer and Sheridan in the following provision:

SECTION II – COVERED AUTOS LIABILITY COVERAGE

A. Coverage

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this

insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

. . . .

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.

(*See* Doc. 1-2 at 33.)

Canal's insurance coverage is subject to an "injury to employee" exclusion. This exclusion provides that the insurance coverage does not apply to bodily injury to an employee of the insured arising out of the employee's employment with the insured or performance of "duties related to the conduct of the 'insured's' business." (*See id.* at 34–35.) A separate policy provision contains the following definition of the term employee: "'Employee" includes a 'leased worker'. 'Employee' does not include a 'temporary worker.'" (*See id.* at 42.) Canal's insurance coverage is also subject to the following condition precedent:

2. Duties In The Event of Accident, Claim, Suit Or Loss

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a. In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

> (1) How, when and where the "accident" or "loss" occurred;
>
> (2) The "insured's" name and address; and
>
> (3) To the extent possible, the names and addresses of any injured persons and witnesses.

(*See id.* at 39.) The parties disagree as to whether these provisions relieve Canal of its duty to defend and to indemnify Alan Farmer and Sheridan in the underlying litigation.

## II. STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact[2] and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if "the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* A genuine dispute as to a material fact exists "if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (quoting *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001)). The trial judge should not weigh the evidence, but determine whether there are any genuine issues

---

[2] A material fact is one that "might affect the outcome of the case." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1049 (11th Cir. 2015).

of fact that should be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, trial courts must give deference to the non-moving party by "view[ing] the materials presented and all factual inferences in the light most favorable to the nonmoving party." *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1213–14 (11th Cir. 2015) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). However, "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987). Conclusory allegations and "mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016) (per curiam) (quoting *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004)). In making a motion for summary judgment, "the moving party has the burden of either negating an essential element of the nonmoving party's case or showing that there is no evidence to prove a fact necessary to the nonmoving party's case." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013). Although the trial courts must use caution when granting motions for summary judgment, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural

shortcut, but rather as an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

## III. DISCUSSION

The parties agree that Alabama law applies to this case. Under Alabama law, "[w]hen analyzing an insurance policy, a court gives words used in the policy their common, everyday meaning and interprets them as a reasonable person in the insured's position would have understood them." *State Farm Mut. Auto. Ins. Co. v. Brown*, 26 So. 3d 1167, 1169 (Ala. 2009) (internal citations and quotations omitted). In general, "policies of insurance should be construed liberally in respect to persons insured and strictly with respect to the insurer." *See Crossett v. St. Louis Fire & Marine Ins. Co.*, 269 So. 2d 869, 873 (Ala. 1972). However, this rule of construction should only be resorted to if the terms of the insurance policy are truly ambiguous. *See Brown*, 26 So. 3d 1167 at 1169.

"Insurance contracts, like other contracts, are construed so as to give effect to the intention of the parties, and, to determine this intent, a court must . . . read each phrase in the context of all other provisions." *See Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So. 2d 687, 691–92 (Ala. 2001) (quoting *Attorneys Ins. Mut. of Ala., Inc. v. Smith, Blocker, & Lowther, P.C.*, 703 So. 2d 866, 870 (Ala. 1996)). "An insurance company's duty to defend

its insured is determined by the language of the insurance policy and by the allegations in the complaint about the facts which gave rise to the cause of action against the insured*." Am. States Ins. Co. v. Cooper*, 518 So. 2d 708, 709 (Ala. 1987). "If the allegations of the injured party's complaint show an accident or an occurrence within the coverage of the policy, then the insurer is obligated to defend, regardless of the ultimate liability of the insured." *Hartford Cas. Ins. Co. v. Merchs. & Farmers Bank*, 928 So. 2d 1006, 1009 (Ala. 2005). The insurer bears the burden of proving the applicability of a policy exclusion. *See Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 12 (Ala. 2001).

### A. Injury to Employee Exclusion

The Canal policy does not cover bodily injury to an employee of the insured arising out of: (1) his employment or (2) performance of duties "related to the conduct of the 'insured's' business." (*See* Doc. 1-2 at 35.) This exclusion applies "[w]hether the 'insured' may be liable as an employer or in any other capacity." (*See id.*) The Canal policy also excludes coverage for bodily injury suffered by a fellow employee of the insured during the course of his employment. (*See id.*)

Canal contends that the definition of employee within these policy exclusions must be construed according to federal regulations. The Canal

policy is subject to Federal Motor Carrier Safety Act regulations, which state that no motor carrier can operate a vehicle until it has obtained the required level of insurance. *See* 49 C.F.R. § 387.7(a). This is evidenced by the policy's inclusion of the federally-mandated MCS-90 endorsement. (*See* Doc. 1-2 at 51–58.) The applicable regulations define employee as:

> any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler. Such term does not include an employee of the United States, any State, any political subdivision of a State, or any agency established under a compact between States and approved by the Congress of the United States who is acting within the course of such employment.

49 C.F.R. § 390.5. According to Canal, as the underlying state court complaint identifies Butler as an independent contractor for Alan Farmer and Sheridan, Butler is a "statutory employee" under the federal regulations and the "injury to employee" exclusions apply to his claims.

The Court disagrees with Canal's contention that the "statutory employee" definition should be read into the policy. The Canal policy already includes a definition of employee. It states that "'[e]mployee includes a 'leased worker'. 'Employee' does not include a 'temporary worker'." (*See*

Doc. 1-2 at 42.)[3] This definition includes no reference to the federal regulations and provides no indication that the parties intended to use the "statutory employee" definition.

The majority of courts to address this issue have concluded that the federal "statutory employee" definition does not apply where the policy itself supplies its own definition of employee. *See, e.g.*, *Gramercy Ins. Co. v. Expeditor's Express, Inc.*, 575 Fed. App'x 607, 608 (6th Cir. 2014) (reversing judgment on the pleadings where insurance contract defined employee to include a "leased worker"); *Canal Indem. Co. v. Rapid Logisitics, Inc.*, 514 Fed. App'x 474, 477–78 (5th Cir. 2013) (distinguishing policy that included "leased worker" definition of employee from prior Fifth Circuit case where policy did not define the term employee); *Great Western Casualty Company v. National Casualty Company*, 53 F. Supp. 3d 1154, 1186 (D. N.D. 2014) (finding it significant that an insurance policy that already defined "employee" made no attempt to incorporate the "statutory employee" definition); *Northland Ins. Co. v. Rhodes*, Civil No. 09-cv-01691-REB-CBS, 2010 WL 5110107, at *7 (D. Colo. Dec. 9, 2010) ("the fact that the contract includes such a definition suggests that, regardless of the overarching purpose of the

---

[3] The policy goes on to define "leased worker" as "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to the conduct of your business." (*See* Doc. 1-2 at 42.)

contract, the parties did not specifically intend to incorporate the regulatory definition of 'employee' into the policy.").[4] These decisions comport with the plain language of the MCS-90 endorsement, which states that "all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company." (*See* Doc. 1-2 at 52.)

The cases relied on by Canal say nothing to the contrary. In both *Progressive Mountain Insurance Company v. Madd Transportation, LLC*, 633 Fed. App'x 744 (11th Cir. 2015), and *Lancer Insurance Company v. Newman Specialized Carriers, Inc.*, 903 F. Supp. 2d 1272 (N.D. Ala. 2012), the courts did not consider whether the "statutory employee" definition should be used where an insurance policy already included a definition of employee. Instead, key to the *Progressive Mountain* holding was that "there [was] no indication that the term 'employee' [was] used differently in the [MCS-90] endorsement than in the employee exclusion." *See Progressive Mountain*, 633 Fed. App'x at 746. This distinction is important. The fact that the Canal policy includes a definition of employee that does not reference

---

[4] The Court has only been able to locate one case where the federal "statutory employee" definition was used when a policy contained an existing definition of the term "employee." *See Miller v. Northland Ins. Co.*, No. M2013-00572-COA-R3-CV, 2014 WL 1715076, at *4 (Tenn. Ct. App. Apr. 29, 2014).

the federal motor carrier safety regulations provides an indication that they were not meant to supply the policy's definition of "employee." If the Court were to find that the federal "statutory employee" definition applied, it would be upsetting the expectations of the parties, who contracted for a definition of employee that did not include a reference to the federal regulations. As the Court must interpret the policy so as to give effect to the parties' intentions, it concludes that the federal "statutory employee" definition should not be incorporated into the Canal policy's "injury to employee" exclusions.

Because the Court has determined that the federal "statutory employee" definition does not apply to the Canal policy's exclusions, the Court need not determine whether Butler was acting as "an independent contractor while in the course of operating a commercial motor vehicle." 49 C.F.R. § 390.5. Instead, to determine whether the "injury to employee" exclusion applies, the Court must look to both the policy's definition of employee and the common understanding of the term. Nothing in the underlying state court complaint suggests that Butler was acting as a leased worker. Moreover, in the underlying complaint, Butler identifies himself as "an independent contractor retained by defendants Sheridan Logistics, Inc. and/or Alan Farmer Trucking." (*See* Doc. 1-1 at 3.) Canal refers to him as such, and Sheridan identifies Butler as working as an independent contractor

for it at the time of his injury. (*See* Doc. 30-2 at 3.) Applying the Canal policy as written, and giving the term "employee" its "common, everyday meaning," *Brown*, 26 So. 3d 1167 at 1169, the Court finds that the term "employee" as defined and used in the "injury to employee exclusion" does not include an independent contractor like Butler. As such, the exclusions pointed to by Canal do not preclude coverage.[5]

## B. Notification

Canal also contends that it has no duty to defend or indemnify Alan Farmer and Sheridan because it was not promptly notified of Butler's potential claims. The Canal policy provides that prompt notification is a condition precedent to Canal's duty to defend. Specifically, the policy states: "[i]n the event of 'accident', claim, 'suit' or 'loss', you must give us or our authorized representative prompt notice of the 'accident' or 'loss'." (*See* Doc. 1-2 at 39.) The policy further provides that Alan Farmer and Sheridan must "[i]mmediately send . . . copies of any request, demand, order, notice, summons or legal paper received concerning the claim or 'suit'." (*See id.*) Under Alabama law, "prompt notice" is construed to require that notice "be

---

[5] Alan Farmer disputes that Butler was working as its independent contractor or that Butler had any contractual relationship with it. (*See* Doc. 30-2 at 3.) Given the Court's interpretation of the "injury to employee" exclusion, whether or not Butler was working for Alan Farmer has no bearing on the outcome of this case.

given within a reasonable time in view of all the facts and circumstances." *See Travelers Indem. Co. of Conn. v. Miller*, 86 So. 3d 338, 342 (Ala. 2011) (citing *St. Paul Fire & Marine Ins. Co. v. Elliott*, 545 So. 2d 760 (Ala. 1989)). To determine whether the reasonable notice requirement has been satisfied, this Court must consider: (1) the length of the delay and (2) the existence of a reasonable excuse for the delay. *See S. Guar. Ins. Co. v. Thomas*, 334 So. 2d 879, 883 (Ala. 1976).

"Where facts are disputed or where conflicting inferences may reasonably be drawn from the evidence, the question of the reasonableness of a delay in giving notice is a question . . . for the [trier of fact]." *Nationwide Mut. Fire Ins. Co. v. Estate or Files*, 10 So. 3d 533, 535 (Ala. 2008) (alteration in original) (internal quotations and citations omitted). On the other hand, if the "insured fails to show a reasonable excuse or the existence of circumstances which would justify a protracted delay," the notice provision has been breached as a matter of law. *See Thomas*, 334 So. 2d 879 at 882–83 (Ala. 1976).

Canal does not dispute that Alan Farmer and Sheridan promptly notified it of Butler's claims once he filed suit on September 14, 2017. Instead, it focuses its argument on the length of time between when Butler sustained his injuries and when Canal was informed of the incident. Butler

was injured on January 9, 2017, and Sheridan's chief operating officer was notified of the incident that same day. (*See* Doc. 29-2 at 2.) The parties agree that Canal was first notified of the incident on October 4, 2017 (*See* Doc. 28 at 3.) Thus, the length of delay between the incident and Canal's notification was a little less than ten months. The Alabama Supreme Court has found similar, unexcused delays to be unreasonable as a matter of law. *See Pharr v. Continental Cas. Co.*, 429 So. 2d 1018, 1019–20 (Ala. 1983) (holding that eight-month delay between suit being filed and insurer being notified constituted unreasonable delay); *Thomas*, 334 So. 2d 879 at 885 (concluding that six-month delay between accident occurring and insurer's notification was unreasonable); *Correll v. Fireman's Fund Ins. Co.*, 529 So. 2d 1006, 1009–10 (Ala. 1988) (affirming trial court decision that one-year delay between amendment of complaint to include negligence claim and notification to insurer was unreasonable). Accordingly, unless Alan Farmer and Sheridan can present evidence of a reasonable excuse for the delay, the approximately ten month delay in notification is unreasonable as a matter of law.

Delay may be excusable where the accident or occurrence would not put a reasonable person on notice that a claim for damages may arise. *See*

*CIE Serv. Corp. v. Smith*, 460 So. 2d 1244, 1246 (Ala. 1984). The Alabama Supreme Court has stated:

> Generally, delay is excusable in the case of an accident which is trivial and results in no apparent harm or which furnishes no ground for [the] insured, acting as a reasonable and prudent man, to believe at the time that a claim for damages will arise or that the injury is one insured against. In such case notice is not required until some claim within the coverage of the policy has been presented or is reasonably to be anticipated, in which event the requirement as to notice is satisfied if notice is given within a reasonable time after the situation assumes an aspect suggestive of a possible claim for damages. Clearly, notice is necessary when there has been such an occurrence as would lead a reasonable and prudent man to believe that it might give rise to a claim for damages.

*Pan Am. Fire & Cas. Co. v. Dekalb-Cherokee Cntys. Gas Dist.*, 266 So. 2d 763, 771 (Ala. 1972) (quoting 45 C.J.S. Insurance § 1056).

Alan Farmer and Sheridan offer two excuses for the delay in notifying Canal of Butler's injuries: (1) prior to the filing of the underlying suit there was no indication that any claim would be made against them and (2) that they did not believe that Butler's injuries were a result of an accident or loss within the meaning of the policy. The Canal policy defines "accident" to include "continuous or repeated exposure to the same conditions resulting in 'bodily injury' or 'property damage'." (*Id.* at 41.) The Alabama Supreme Court has interpreted "accident" in the insurance context to mean "[a]n unintended and unforeseen injurious occurrence; something that does not occur in the usual

course of events or that could not be reasonably anticipated." *Hartford Cas. Ins. Co. v. Merch & Farmers Bank*, 928 So. 2d 1006, 1011 (Ala. 2005) (internal quotation marks omitted). In other words, an accident refers to "something unforeseen, unexpected, or unusual." *Id.* (internal quotation marks omitted). The Court has no trouble concluding that a military vehicle unexpectedly falling from a trailer and injuring Butler constitutes an accident under Alabama law.

However, even when an accident occurs, delayed notification is excusable where a reasonably prudent person in the insured's position would have no reason "to believe . . . that a claim for damages [would] arise or that the injury is one insured against." *Pan Am. Fire & Cas. Co.*, 266 So. 2d 771. Using this line of reasoning, Alan Farmer and Sheridan argue that any delay in providing notice to Canal was reasonable under the circumstances. Sheridan's chief operating officer, Michael Farmer, testified that while he knew about this incident on the date it occurred that he did not believe there had been an "accident" under the Canal policy because the military vehicle sustained only nominal damage and there was no damage to any property owned by Alan Farmer or Sheridan. (*See* Doc. 29-2 at 2.) Farmer also testified that he had no knowledge that Butler was contemplating

bringing claims against Alan Farmer or Sheridan until the underlying lawsuit was filed. (*See id.* at 3–4.)

The Court cannot say, as a matter law, that the delay in providing Canal with notice was unreasonable under the circumstances. Alan Farmer and Sheridan apparently suffered little to no property damage from this incident. Additionally, Canal has presented no evidence of when Alan Farmer and Sheridan were informed that Butler sustained injuries. Indeed, there is no evidence in the record of when Alan Farmer, the primary insured, was first notified of the accident. Where the insured has no reason to believe an accident will result in a legal claim for damages, there is no duty to notify the insurer about the incident. To hold otherwise would, as Alan Farmer and Sheridan argue, essentially impose a burden on the insured to provide its insurance company with almost daily notice. Such a requirement is not created by the Canal policy, and this Court does not find that, as a matter of law, the ten month delay in notification was unreasonable.

Canal also points to the fact that Sheridan was in contact with Butler's attorney as evidence that the delay in notification was unreasonable as a matter of law. Canal states that the Alabama Supreme Court's holding in *Thomas* is instructive. In *Thomas*, two weeks after the insured was notified that a cable he strung had injured a passerby, the injured party's attorney

informed the insured that he intended to bring suit. *See Thomas*, 334 So. 2d 879 at 881. The attorney's letter specifically suggested that the insured notify his homeowner insurance carrier of his client's claims. *Id.* Despite receiving this letter and repeated reminders from his own attorney to check into whether his homeowner's policy would cover the accident, the insured waited approximately six months after the accident to notify his insurer of the incident. *See id.*

The court held that the insured's subjective belief that suit would not be filed was unreasonable and that he violated his insurance policy's notification requirement as a matter of law. *See id.* at 885. The court reasoned that the plain language of the letter received by the insured clearly indicated that claims would be brought against him. *Id.* at 884. As the court noted, "[i]t was not the insured's duty under the terms of the policy to determine the probability of suit being filed; it was his duty to give the insurer notice of any accident or occurrence and to forward to the insurer every demand within a reasonable time." *Id.* at 885.

Here, it was not as evident that Butler would pursue claims against Alan Farmer and Sheridan. It is undisputed that prior to filing suit an attorney retained by Butler requested that Sheridan allow Butler to have an expert inspect the trailer and power unit involved in the incident. However,

according to Farmer's affidavit, Butler's attorney "never said or implied anything to suggest that Butler would sue [Alan Farmer] or Sheridan." (*See* Doc. 29-2 at 3.) Thus, Farmer states that he believed that "any claim Butler might have would be against the manufacturer of the trailer." (*See id.*) Reasonable minds could differ as to whether these communications with Butler's attorney should have put Alan Farmer and Sheridan on notice that Butler might bring claims against them. Moreover, based on the evidence before the Court, it is unclear when Butler's attorney first contacted Sheridan. Although Farmer's affidavit states that it took several months to set up the requested inspection, there is no evidence of the exact date Butler's attorney contacted Sheridan or when the inspection occurred. Without a more definite timeline, the Court cannot make a decision as to whether the prompt notification requirement was satisfied. Therefore, the Court is unwilling to hold that the delay in notifying Canal was unreasonable as a matter of law.

## IV. CONCLUSION

For the reasons stated above, Canal's motion for summary judgment is due to be denied.[6] An order consistent with this opinion will be entered.

---

[6] Alan Farmer and Sheridan ask the Court to enter summary judgment in their favor pursuant to Federal Rule of Civil Procedure 56(f)(1). (*See* Doc. 29 at 9; Doc. 30 at 11.) Rule 56(f)(1) allows the Court to "grant summary judgment for a nonmovant." *See* Fed. R. Civ. P. 56(f)(1). As explained above, genuine issues of material fact remain. Therefore, Alan Farmer and Sheridan are not entitled to summary judgment being entered in their favor.

**DONE** and **ORDERED** on January 22, 2019.

_____
L. Scott Coogler
United States District Judge

194800